```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANDREW ZEIGLER,

                    Plaintiff,         ORDER
                                       12-CV-0785(JS)(GRB)
        -against-

VINCENT DEMARCO, CHARLES EWALD,
JOHN DOE,
                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Andrew Zeigler, Pro Se
                    145163
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearances
```

SEYBERT, District Judge:

Before the Court is the Complaint of incarcerated pro se plaintiff Andrew Zeigler ("Plaintiff") against Suffolk County Sheriff Vincent DeMarco, the Warden of the Riverhead Correctional Facility, Charles Ewald, and an unidentified "John Doe" described as a "facility medical staff [member]" (collectively, "Defendants") filed pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b).

## BACKGROUND

Plaintiff alleges that:

> On or around December 30th, approximately 11:30 a.m. at the Suffolk County Jail located in Riverhead, New York, particularly on the fourth floor in the West-North Housing Section of the inmate living quarters . . . John Doe breached regulations involving the confidentiality of a patient's medical records or status. John Doe, on the above mentioned date without any regard to his sworn Hippocratic oath freely disseminated sensitive confidential medical information. . . . On the same date in question, John Doe . . . revealed to me via blood work results, that I had contracted Hepatitas(c) [sic]. After some careful deductive reasoning in conjunction with some personal investigative work as to how I could've succumbed to such condition after having a clean bill of health prior to any incarceration, as state medical records will reflect, it is concluded that such contraction could only be attributed to the Suffolk County Correctional Facility's poor hygenic [sic] practices in relation to their distribution of inmate razor/shaving procedures. It is firmly believed that such practice is executed with such negligence that often times clean shaving razors get mixed with used ones thereby creating a propensity for any blood borne infections. . . . It should be noted that I have not been treated for such condition . . . .

Compl. at ¶ IV, and pages 1-2 annexed thereto. For relief, Plaintiff seeks to recover monetary damages in total sum of ten million dollars ($10 million) to compensate him for the "defamation of my character and obvious embarrassment in the unbridled release of patient information and the irreversible effects of my current health condition" as well as "federal review into the conduct of

2

John Doe as it relates to the alleged malpractice and constitutional deprivation of privacy rights. Injunctive relief as it relates to the shaving razor distribution of the Suffolk County Jail." (Compl. at ¶ V).

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u> plaintiff liberally. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the

3

proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 123 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1955).

III. <u>Section 1983</u>

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law

4

and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these

5

standards in mind, the Court considers the Plaintiff's claims.

   A.   Defendant DeMarco

Although Plaintiff names Sheriff DeMarco as a Defendant, there are no factual allegations concerning him nor is he even mentioned in the body of the Complaint. Thus, it appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory position he holds. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 5. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by

Defendant DeMarco. Accordingly, the Section 1983 claims asserted against him are not plausible and are dismissed with prejudice.

B. <u>Defendant Ewald</u>

Affording the <u>pro se</u> Complaint a liberal construction, Plaintiff's Eighth Amendment claim against Warden Ewald may proceed. Plaintiff alleges that the facility's policy and practice concerning razor distribution to inmates may have caused Plaintiff's claimed Hepatitis exposure. Because a supervisor may be personally liable for the deprivation of a constitutional right where the supervisor "created or allowed to continue, a policy in which unconstitutional practices occurred," <u>Moriarty v. Brooks</u>, 111 F. App'x 30, 32 (2d Cir. 2004) (citing <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994)), Plaintiff has alleged a plausible Section 1983 claim against Defendant Ewald. Accordingly, the Court directs service of the Summons and Complaint upon Defendant Ewald.

C. <u>John Doe Defendant</u>

Though thin, given the Second Circuit's guidance, Plaintiff's Section 1983 claim against the unidentified John Doe Defendant may proceed. <u>See</u> <u>McEachin</u>, 357 F.3d at 200 ("We have frequently reiterated that '[s]ua sponte dismissals of <u>pro se</u> prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting <u>Moorish Sci. Temple of Am. Inc. v. Smith</u>, 693 F.2d 987, 990 (2d Cir. 1982)); <u>Benitez v. Wolff</u>,

7

907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

However, the United States Marshals Service will not be able to serve the John Doe Defendant without further identifying information. The problem encountered by Plaintiff is a common one as it is frequently difficult for a pro se litigant to identify individual medical personnel encountered at a correctional facility. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the Court hereby requests that the Suffolk County Attorney ascertain the identity and address where the individual described in the Complaint as a "facility doctor" working on the "fourth floor in the West-North Housing Unit Section of the Inmate Living Quarters" at approximately 11:30 a.m. on December 30, 2011 may be served. Compl. at ¶ IV, and page 1 annexed thereto. **The Suffolk County Attorney shall provide this information to Plaintiff and the Court in writing within thirty (30) days from the date of this Order** and need not undertake to

defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendant as instructed by the Second Circuit in <u>Valentin</u>. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendant, a summons shall be issued and the Clerk of Court shall forward to the United States Marshals Service copies of the Summons, Complaint and this Order for service upon the Defendant without prepayment of fees. The Clerk of Court shall serve a copy of this Order and a copy of the Complaint on the Suffolk County Attorney.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted, but the Complaint is <u>sua sponte</u> dismissed with prejudice as against Defendant DeMarco pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Clerk of Court shall forward for to the United States Marshals Service a copy of the Summons, Complaint and this Order for service upon Defend Ewald.

The Clerk of Court shall serve a copy of this Order and a copy of the Complaint on the Suffolk County Attorney and the **Suffolk County Attorney shall, within thirty (30) days ascertain the identity of the John Doe Defendant described in the Complaint and provide the full name and address where such individual may be served to the Plaintiff and the Court in writing.**

9

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                SO ORDERED.

                <u>/s/ JOANNA SEYBERT </u>
                Joanna Seybert, U.S.D.J.

Dated:  March <u>  13  </u>, 2012
     Central Islip, New York